# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

| | |
|---|---|
| Jane Does 1, and 2 by and through their mother, Mary Doe, and Jane Doe 3, by and through her father, Joseph Doe, <br><br> Plaintiff, <br><br> v. <br><br> Varsity Brands, LLC, Varsity Spirit, LLC, Varsity Brands Holding Company, Inc., U.S. All Star Federation, Inc. d/b/a U.S. All Star Federation, Jeff Webb, individually, Champion Elite Legacy, Ashley Hughes, and Erick Kristianson, <br><br> Defendants. | Case No. 6:23-cv-00788-CEM-LHP <br><br> **MOTION TO DISMISS WITHOUT PREJUDICE, AND MEMORANDUM IN SUPPORT** |

Pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure (Fed. R. Civ. P.), Plaintiffs Mary Doe, on behalf of Jane Doe 1 and Jane Doe 2, and Joseph Doe, on behalf of Jane Doe 3, hereby move for an order dismissing this action against Defendant Ashley Hughes and Defendant Champion Elite without prejudice, and with each party bearing its own fees and costs.

## INTRODUCTION

Plaintiffs filed this action on April 28, 2023 against numerous defendants asserting causes of action related to exposure of the minor children to sexual abuse while engaged in Allstar competitive cheerleading. As set forth in the Complaint [DE #1],

1

Plaintiffs were abused as minors by Defendant Erick Kristianson, who was employed by Defendant Champion Elite's cheer gym owned by Defendant Ashley Hughes and was allegedly background checked and certified safe to work around children. Plaintiffs alleged 12 claims: (I) Violation of the Protecting Young Victims from Sexual Abuse Act, 18 U.S.C. §2255; (II) Civil Conspiracy in Violation of the RICO Act, 18 U.S.C. §1962(c)&(d); (III) Gross Negligence; (IV) Negligent Supervision; (V) Assault & Battery; (VI) Breach of Contract; (VII) Unjust Enrichment; (VIII) Fraud; (IX) Negligent Security; (X) Civil Conspiracy, (XI) Respondeat Superior; and (XII) Intentional Infliction of Emotional Distress. There were related actions already filed in various other states including South Carolina, North Carolina, Georgia, Tennessee, and Ohio.

## PROCEDURAL POSTURE

Defendant Ashley Hughes and Defendant Champion Elite each filed Answers on June 5, 2023. [DE #38, #39] Varsity Spirit, Varsity Brands, Varsity Brands Holding Company, Bain Capital, Charlesbank Capital, USASF, USA Cheer, and Jeff Webb all filed Motions to Dismiss throughout July of 2023. [DE #92, #93, #94, #95, #98, #102, #105]. The parties began briefing the numerous motions to dismiss. Meanwhile, Plaintiffs moved to voluntarily dismiss USA Cheer, Bain Capital, and Charlesbank Capital; and the motions were granted, without prejudice. [DE #113, #114, #117, #118, #120, #121]

Thereafter, the parties began an extensive mediation process over a course of months upon the Order of South Carolina District Court Judge Henry M. Herlong.

On January 17, 2024, a notification regarding settlement was filed with this Court. In April, counsel for Defendant Ashley Hughes and Defendant Champion Elite (hereinafter collectively "Defendants" unless otherwise indicated) notified counsel for Plaintiffs that their carrier had denied coverage for the claims alleged against them related to the conduct of Defendant Erick Kristianson[1].

Plaintiff filed an unopposed motion for approval of minor settlements on May 24, 2024, and for sealing. [DE #155, #157, #159] The Court thereafter denied all pending motions to dismiss on May 29, 2024. [DE #160] Notice of a hearing on the settlements was entered on May 31, 2024 [DE #161], and the hearing was ultimately held on July 3, 2024 [DE #170].

Meanwhile, counsel for Plaintiffs notified counsel for Defendants that Plaintiffs wished to dismiss their claims against his clients, and requested confirmation that coverage for all claims was denied. Consent by these Defendants for Plaintiffs to dismiss was not provided. On June 27, 2024, Defendants began serving discovery on Plaintiffs -- a First Set of Interrogatories from Defendant Hughes. On July 8, 2024, Defendant Champion Elite served its First Set of Interrogatories on the Plaintiffs. Defendant Hughes then served over 160 Requests to Admit upon each Plaintiff on July 18, 2024. Less than a week later, on July 24, 2024, without withdrawing the prior requests, Defendant Hughes served over 160 Amended Requests to Admit and an

---

[1] Upon information and belief, Defendant Kristianson is currently incarcerated in California for other pending criminal sexual conduct charges. Upon motion by the Plaintiffs, the Court ordered entry of default against him on August 22, 2023. [DE #133, #134]

3

Amended First Set of Interrogatories on each Plaintiff, all of which appeared to have few changes. He also served a Second Set of Interrogatories on behalf of each Defendant Hughes and Defendant Champion Elite.

On August 5, 2024, counsel for Plaintiff notified counsel for Defendants they were still awaiting confirmation there had been denial of coverage for all conduct against all Plaintiffs, and that Plaintiffs still wanted to dismiss their cases if there was no coverage. The following day, counsel for the Defendants replied only that he awaited Plaintiffs' discovery responses. On August 12, 2024, counsel for Plaintiffs again reached out to continue conversations regarding confirmation of the coverage denial for all Plaintiffs, dismissal of the case, and to confer on an extension to respond to discovery until those issues could be resolved. Counsel for the Defendants stated he was unavailable to confer by phone the next two days due to appellate deadlines.

Two days later, on August 14, 2024, at 11:44 AM, Defendant Hughes served 368 Requests for Production on each Plaintiff, and Defendant Champion Elite served 428 Requests for Production on each Plaintiff. At 1:58 PM, counsel for the Defendants stated that the prior discovery was now overdue[2], he deemed all objections waived, demanded dates to depose the minor children, and asked to schedule a call to discuss a motion to compel. Less than 30 minutes later, he sent a cash demand payable to Defendant Ashley Hughes to end the case.

The parties had a conference call at 9:00 AM on Friday, August 16, 2024.

---

[2] The two outstanding sets of discovery were due on July 29, 2024 and August 7, 2024.

4

Counsel for Defendants stated he would not discuss issues related to dismissal on that call. He further stated he would not agree to an extension of the discovery deadline unless Plaintiffs stipulated that all objections were waived. Counsel for Plaintiffs confirmed they would provide the outstanding discovery responses, but maintained they could not agree objections were waived based on their good faith belief the conversations about dismissal excused the delay and it would be for the Court to determine. They further inquired about the basis for the cash demand. Counsel for Defendants revealed that his clients intend to file subsequent litigation against the minor abuse victims, their families, and the law firms once this case is resolved. Counsel for Defendants disconnected from the call and followed up with an email stating he would be filing a motion to compel.

Plaintiffs began answering discovery, with responses to Defendant Ashley Hughes' Requests to Admit being timely served on Monday, August 19, 2024, followed by the two sets of outstanding discovery.[3] On Wednesday, August 21, 2024, Plaintiffs reached out to counsel for Defendants to confer on the filing of a motion for an order of dismissal pursuant to Rule 41(a)(2). Counsel for Defendants advised he could confer on Wednesday, August 28, 2024 at 4:00 PM. The parties conferred regarding the dismissal motion and counsel for Defendants did not consent.

## **DISCUSSION & CITATION TO AUTHORITY**

---

[3] Plaintiffs have continued serving responses to the additional sets of discovery, including the amended sets, meeting all deadlines, since the August 16, 2024 conference call.

Rule 41 governs the ability of plaintiffs to voluntarily dismiss cases without prejudice. In circumstances where a defendant has not yet filed an answer or a motion for summary judgment, Rule 41 permits plaintiffs to dismiss cases without prejudice and without leave of court. However, "[o]nce an answer or a summary judgment motion has been filed, Rule 41(a)(2) permits a plaintiff to dismiss voluntarily an action only 'upon order of the court and upon such terms and conditions as the court deems proper.'" *Pontenberg v. Boston Sci. Corp.,* 252 F.3d 1253, 1255 (11th Cir. 2001) (quoting FED. R. CIV. P. 41(a)(2)). Because Defendant Ashley Hughes and Defendant Champion Elite have already filed answers, and would not consent to the motion for dismissal, Plaintiff is seeking an Order for dismissal by this Honorable Court pursuant to Rule 41(a)(2).

A plaintiff's request for a voluntary dismissal must be granted unless a defendant can demonstrate it would suffer clear legal prejudice, other than the mere prospect of a subsequent lawsuit. *Pontenberg v. Boston Scientific Corp.*, 252 F.3d 1253, 1255 (11th Cir. 2001). The district courts enjoy broad discretion in determining whether to grant a voluntary dismissal under Rule 41(a)(2). *Pontenberg* at 1255-56, citing *McCants v. Ford Motor Co., Inc.*, 781 F.2d 855, 857 (11th Cir. 1986). In exercising its "broad equitable discretion under Rule 41(a)(2),"the district court must "weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate." *McCants*, 781 F.2d at 857.

Defendants pushed out a burdensome and harassing barrage of unreasonably cumulative and duplicative discovery requests during the last six (6) weeks. Plaintiffs

have answered to the best of their ability without a protective order of confidentiality yet in place,[4] and despite the many objectionable requests. But discovery has barely just begun in these cases. Plaintiffs have served no offensive discovery on Defendants. Moreover, these Defendants have engaged in no motion practice before this Court.

As a result of the foregoing, Defendants cannot demonstrate they would be prejudiced by a dismissal of all claims against them at this early juncture of the litigation. And the current posture of the case suggests, notwithstanding the truly perplexing flurry of activity during the last six weeks which could have been avoided by consent to dismissal, that no significant costs have been incurred that would warrant any special conditions to a dismissal without prejudice.

## CONCLUSION

Plaintiffs respectfully request an Order of this Court dismissing their cases against Defendant Ashley Hughes and Defendant Champion Elite without prejudice, pursuant to Rule 41(a)(2), and with each party bearing their own fees and costs.

## CERTIFICATION

Counsel for Plaintiffs hereby certify, pursuant to Local Rule 3.01(g), they have conferred with Defendants' counsel, and Defendants' counsel has not agreed with the relief sought in this Motion.

---

[4] The need to enter a protective order of confidentiality has been raised in the discovery conferencing for this litigation since the outset. That need has not changed. For instance, Defendants' requests specifically seek the identification of other minors who are not parties to this action.

Dated: August 30, 2024

        **OSBORNE & FRANCIS**

        *s/ J. Robert Bell, III*
        J. Robert Bell, III (FL Bar 115918)
        Gregorio Francis (FL Bar No 008478)
        Joseph A. Osborne (FL Bar No 880043)
        925 S Federal Highway, Suite 175
        Boca Raton, FL  33432
        Phone: (561) 293-2600
        Email:     rbell@realtoughlawyers.com
                      gfrancis@realtoughlawyers.com
                      josborne@realtoughlawyers.com

*Attorneys for Plaintiff*

**STROM LAW FIRM, LLC**

*s/ Bakari T. Sellers*
Bakari T. Sellers (SC Fed. ID No. 11099)
Alexandra Benevento (SC Fed. ID No. 10734)
6923 N. Trenholm Road, Suite 200
Columbia, South Carolina 29206
Phone: (803) 252-4800
Email:     bsellers@stromlaw.com
              abenevento@stromlaw.com

*Attorneys for Plaintiff*

8

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document was filed via CM/ECF and served electronically on the following counsel of record this 30th day of August, 2024:

*s/ J. Robert Bell III*
J. Robert Bell III (FL Bar 115918)