UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JANE DOE 1, JANE DOE 2, and JANE DOE 3,

    Plaintiffs,

v.                                                                                                  Case No: 6:23-cv-788-JSS-LHP

VARSITY BRANDS, LLC, VARSITY SPIRIT, LLC, VARSITY BRANDS HOLDING COMPANY, INC., U.S. ALL STAR FEDERATION, INC., JEFF WEBB, CHAMPION ELITE LEGACY, ASHLEY HUGHES, and ERICK KRISTIANSON,

    Defendants.
_____/

## ORDER

On August 30, 2024, Plaintiffs moved to voluntarily dismiss their claims pursuant to Federal Rule of Civil Procedure 41(a)(2), with each party to bear its own costs and attorney fees. (Motion, Dkt. 175.) Defendants filed a response on September 20, 2024. (Response, Dkt. 177.) In their Response, Defendants state that they "do not oppose dismissal," only that they "oppose dismissal without the [c]ourt conditioning said dismissal on payment of all of Defendants' attorney[] fees and costs, as a matter of equity and fairness." (*Id.* at 2.) As such, Defendants "request entry of an order of voluntary dismissal conditioned on the payment of all of Defendants' expenses, including all attorney[] fees and costs." (*Id.* at 15.)

"The district court enjoys broad discretion in determining whether to allow a voluntary dismissal under Rule 41(a)(2)." *Pontenberg v. Bos. Sci. Corp.*, 252 F.3d 1253, 1255 (11th Cir. 2001). "In exercising its broad equitable discretion under Rule 41(a)(2), the district court must weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate." *Id.* (internal quotation marks omitted). "A plaintiff ordinarily will not be permitted to dismiss an action without prejudice under Rule 41(a)(2) after the defendant has been put to considerable expense in preparing for trial, except on condition that the plaintiff reimburse the defendant for at least a portion of his expenses of litigation." *McCants v. Ford Motor Co., Inc.*, 781 F.2d 855, 860 (11th Cir. 1986). "A district court loses all power over determinations of the merits of a case when it is voluntarily dismissed." *Anago Franchising, Inc. v. Shaz, LLC*, 677 F.3d 1272, 1279 (11th Cir. 2012). "The district court does retain jurisdiction, however, to consider a limited set of issues after the action is voluntarily dismissed." *Absolute Activist Value Master Fund Ltd. v. Devine*, 998 F.3d 1258, 1265 (11th Cir. 2021). These "collateral issues"—"independent proceeding[s] supplemental to the original proceeding and not request[s] for a modification of the original decree"—include both "the imposition of costs" and "attorney[] fees." *Id.* (quoting *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395–96 (1990)). "As such, there is no clear error in [a district c]ourt maintaining jurisdiction over the collateral issue of attorney[] fees" after approving the voluntary dismissal of an action under Rule 41(a)(2). *Russ v. LVNV Funding LLC*, No. 1:21-cv-04669-WMR-JCF, 2022 WL 18780936 (N.D. Ga. Nov. 15, 2022); *see Nat'l Billing Inst.,*

*LLC v. Heavensent Nat. Med. & Pain Mgmt. Servs., Inc.*, No. 14-80897-Civ-Rosenberg/Brannon, 2015 WL 13776790, at *1 (S.D. Fla. July 15, 2015) ("Pursuant to Rule 41(a)(2), the [c]ourt may exercise its discretion by explicitly attaching attorney[] fees as a condition of an order of dismissal, or as in the instant case, retain jurisdiction over a defendant to consider its attorney[] fees and costs."), *report and recommendation adopted by* 2015 WL 13776791 (S.D. Fla. Aug. 14, 2015).

Accordingly:

1. Plaintiffs' Motion to Dismiss Without Prejudice (Dkt. 175) is **GRANTED in part and DENIED in part**.

    a. The case is **DISMISSED without prejudice**. The court retains jurisdiction over this action to allow Defendants to file a motion for attorney fees and other costs.

    b. Otherwise, the Motion is **DENIED**.

2. Defendants are **DIRECTED** to file a motion for attorney fees and costs, outlining the fees and costs they have incurred defending this litigation, on or before Friday, November 1, 2024.

3. The Clerk is **DIRECTED** to terminate all deadlines.

**ORDERED** in Orlando, Florida, on October 23, 2024.

JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record