## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

| | |
|---|---|
| Jane Does 1, and 2 by and through their mother, Mary Doe, and Jane Doe 3, by and through her father, Joseph Doe, | Case No. 6:23-cv-00788-CEM-LHP |
| Plaintiff, | |
| v. | **PLAINTIFFS' RESPONSE TO DEFENDANTS ASHLEY HUGHES AND CHAMPION ELITE LEGACY, L.L.C.'S MOTION FOR ATTORNEY'S FEES & COSTS** |
| Varsity Brands, LLC, Varsity Spirit, LLC, Varsity Brands Holding Company, Inc., U.S. All Star Federation, Inc. d/b/a U.S. All Star Federation, Jeff Webb, individually, Champion Elite Legacy, Ashley Hughes, and Erick Kristianson, | |
| Defendants. | |

Plaintiffs Mary Doe, on behalf of Jane Doe 1 and Jane Doe 2, and Joseph Doe, on behalf of Jane Doe 3, hereby respond to the Motion for Attorney's Fees & Costs by Defendant Ashley Hughes and Defendant Champion Elite Legacy, L.L.C.

## **INTRODUCTION**

Plaintiffs filed this action on April 28, 2023 against numerous defendants asserting causes of action related to exposure of the minor children to sexual abuse while engaged in Allstar competitive cheerleading. As set forth in the Complaint [DE #1], Plaintiffs were abused as minors by Defendant Erick Kristianson, who was employed

by Defendant Champion Elite's cheer gym, which is owned by Defendant Ashley Hughes, and was allegedly background checked and certified safe to work around children. Despite complaints from parents about inappropriate contact and/or conduct their children experienced with Defendant Kristianson, Plaintiffs alleged that no action was taken by Defendant Ashley Hughes or Defendant Champion Elite to remove him from the gym and he continued to have access to the minor children by way of his continued involvement with all-star cheer.

Plaintiffs alleged 12 claims: (I) Violation of the Protecting Young Victims from Sexual Abuse Act, 18 U.S.C. §2255; (II) Civil Conspiracy in Violation of the RICO Act, 18 U.S.C. §1962(c)&(d); (III) Gross Negligence; (IV) Negligent Supervision; (V) Assault & Battery; (VI) Breach of Contract; (VII) Unjust Enrichment; (VIII) Fraud; (IX) Negligent Security; (X) Civil Conspiracy, (XI) Respondeat Superior; and (XII) Intentional Infliction of Emotional Distress. There were related actions already filed in various other states including South Carolina, North Carolina, Georgia, Tennessee, and Ohio. All matters in all states have been, or are nearing the end of the process for being, finally resolved by settlement.

## PROCEDURAL POSTURE

Defendant Ashley Hughes and Defendant Champion Elite each filed Answers on June 5, 2023. [DE #38, #39] Varsity Spirit, Varsity Brands, Varsity Brands Holding Company, Bain Capital, Charlesbank Capital, USASF, USA Cheer, and Jeff Webb all filed Motions to Dismiss throughout July of 2023. [DE #92, #93, #94, #95, #98, #102, #105]. The parties began briefing the numerous motions to dismiss. Meanwhile,

Plaintiffs moved to voluntarily dismiss USA Cheer, Bain Capital, and Charlesbank Capital; and the motions were granted, without prejudice. [DE #113, #114, #117, #118, #120, #121]

Thereafter, the parties began an extensive mediation process over a course of months upon the Order of South Carolina District Court Judge Henry M. Herlong. On January 17, 2024, a notification regarding settlement was filed with this Court. In April, counsel for Defendant Ashley Hughes and Defendant Champion Elite (hereinafter collectively "Defendants" unless otherwise indicated) notified counsel for Plaintiffs that their carrier had denied coverage for the claims alleged against them related to the conduct of Defendant Kristianson[1].

Plaintiff filed an unopposed motion for approval of minor settlements as to the other defendants on May 24, 2024, and for sealing. [DE #155, #157, #159] The Court thereafter denied all pending motions to dismiss on May 29, 2024. [DE #160] Notice of a hearing on the settlements was entered on May 31, 2024 [DE #161], and the hearing was ultimately held on July 3, 2024 [DE #170].

Meanwhile, counsel for Plaintiffs requested that counsel for Defendants confirm that coverage for all claims was denied. On June 27, 2024, Defendants began serving rapid-fire discovery requests weekly on Plaintiffs, to include several amended sets with minor changes, on July 8, 2024; July 18, 2024; and July 24, 2024.

---

[1] Upon information and belief, Defendant Kristianson is currently incarcerated in California for pending criminal sexual conduct charges in multiple states. Upon motion by the Plaintiffs, the Court ordered entry of default against him on August 22, 2023. [DE #133, #134]

On August 5, 2024, counsel for Plaintiff notified counsel for Defendants they were still awaiting confirmation there had been denial of coverage for all conduct against all Plaintiffs, and that Plaintiffs were inclined to dismiss their cases if there was no coverage. The following day, counsel for the Defendants replied only that he awaited Plaintiffs' discovery responses. On August 12, 2024, counsel for Plaintiffs again reached out to continue this conversation. Counsel did not make himself available for a conference. Instead, he served more discovery on August 14, 2024. He also sent a cash demand payable to Defendant Ashley Hughes to end the case. The parties had a conference on August 16, 2024. On the call, counsel for Defendants divulged that his clients intend to file subsequent litigation against the minor abuse victims, their families, and the law firms once this case is resolved.

Plaintiffs answered all pending discovery, and thereafter filed a motion for an order of dismissal pursuant to Rule 41(a)(2) on August 30, 2024. [DE #175] Defendant Ashley Hughes and Defendant Champion Elite responded to the motion, opposing the dismissal without prejudice, and requested fees and costs be paid to them by Plaintiffs. [DE # 177] This Court granted Plaintiff's motion to dismiss, and directed Defendants to file a motion for fees and costs. [DE #178] Defendants filed their motion on November 8, 2024, asserting they are entitled to all fees and costs of defending this action. [DE #182]

## DISCUSSION & CITATION TO AUTHORITY

Rule 41 governs the ability of plaintiffs to voluntarily dismiss cases without prejudice. Rule 41(a)(2) permits a plaintiff to dismiss voluntarily an action only 'upon

order of the court and upon such terms and conditions as the court deems proper."' *Pontenberg v. Boston Sci. Corp.,* 252 F.3d 1253, 1255 (11th Cir. 2001) (quoting FED. R. CIV. P. 41(a)(2)). In exercising its "broad equitable discretion under Rule 41(a)(2),"the district court must "weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate." *McCants v. Ford Motor Co., Inc.*, 781 F.2d 855, 857 (11th Cir. 1986). However, the case law is clear that there is no requirement that fees and costs be paid upon voluntary dismissal.

Moreover, the purpose of conditioning a dismissal without prejudice on payment of costs and fees is not to punish the dismissing plaintiff, but to protect the defendants from having to pay twice to defend against the same claims in federal court. *Emergency Recovery, Inc. v. Hufnagle*, 77 F.4th 1317, 1331 (11th Cir. 2023). That purpose is not being served by Defendants' motion. Notably, Plaintiffs have made clear that their intent in seeking dismissal is based on the alleged lack of insurance coverage. Therefore, there is no indication that Plaintiffs will file a subsequent action; and, for an abundance of clarity, they expressly represent to the Court that there is no plan to do so. Therefore, Defendants have not demonstrated they would suffer the legal prejudice contemplated by fee awards on voluntary dismissal.

There is no basis demonstrated for requiring fees and costs to be awarded to the Defendants, payable by Plaintiffs, and the motion should be denied. Alternatively, if the Court determines equity and fairness require any fee shifting, Plaintiffs herein lodge their specific objections to the fees sought. Plaintiffs further ask that should the

Court condition the dismissal on payment of any portion of fees and costs, that such payment be deferred only if, and until such time as, a subsequent action is filed by Plaintiffs. Finally, Plaintiffs note here they have concomitantly filed a motion for oral argument, and a motion for discovery should the Court be inclined to award fees.

## I.    Defendants cannot show they are prejudiced by the dismissal, and the motion for fees and costs should be denied in full.

As an initial matter, courts have time and again affirmed the centuries-old American Rule requiring litigants to bear their own costs and fees. See, *Peter v. NantKwest, Inc.*, 589 U.S. 23, 140 S. Ct. 365, 370 (2019) ("[T]he basic point of reference when considering the award of attorney's fees is the bedrock principle known as the American Rule: Each litigant pays his own attorney's fees, win or lose, unless a statute or contract provides otherwise"). Defendants have demonstrated no basis for fee shifting in this case, and fairness and equity do not require a departure from the American Rule.

There is no statutory basis for fee shifting under any of Plaintiffs' claims, and Defendants do not allege there is. There further is no contractual basis for shifting fees to the Plaintiffs, and Defendants have not demonstrated there is.[2] Defendants,

---

[2] Counsel for these Defendants appears to argue that his clients' contractual obligation to pay him fees and costs serves as a basis for Plaintiffs being required to pay his client's fees and costs. That is not the standard for contractual fee shifting. The contractual exception to the American Rule refers to a contract between the parties for one party to pay another party's fees in the event of litigation. See, e.g., *Ne. Eng'rs Fed. Credit Union v. Home Depot, Inc. (In re Home Depot, Inc., Customer Data Sec. Breach Litig.)*, 931 F.3d 1065, 1078 (11th Cir. 2019).

furthermore, have not made a showing of how they are prejudiced by the case being dismissed against them.

### A. Defendants should not have prevailing party status conferred upon them under the procedural posture of this case.

The apparent basis for Defendants seeking an award of fees and costs is mere posturing that they are the prevailing parties in this action. All other Defendants in this action except for Defendant Ashley Hughes and Defendant Champion Elite filed motions to dismiss in the pleadings phase. Prior to a ruling by this Court, and prior to any discovery being conducted, the other Defendants settled their claims with Plaintiffs. Their motions to dismiss were subsequently denied as moot by this Court, without reaching the merits.

Despite simply answering the Complaint in June of 2023 and not having filed their own motions to dismiss, Defendant Ashley Hughes and Defendant Champion Elite now wish to be treated as if Plaintiffs' claims were without merit, that Plaintiffs' voluntary dismissal essentially confers prevailing party[3] status upon them, and that they should thus be reimbursed for their fees and costs of defending the action. This is not only preposterous but it is simply not the case.

Counsel's decision not to timely file the appropriate motions attacking the pleadings or the claims on behalf of his clients precludes his clients from now arguing

---

[3] It would appear Defendants' threat of subsequent litigation against the minor children, their families, and the lawyers representing them is the overarching purpose of their seeking prevailing party status. This is an improper basis for shifting fees and costs to Plaintiffs.

before the Court that their costs and fees should be borne by the Plaintiffs on the basis that the pleadings or claims were deficient. Whatever argument Defendants seek to make in this respect was long ago waived by the failure to file motions to dismiss and cannot serve as a basis for carving out an exception to the American Rule. Specifically, the courts are disinclined to find prejudice to cure a "self inflicted wound" created by a party's chosen legal strategy. *In Re TuTu Wells Contamination Litig.,* 994 F. Supp. 638, 653 1998 U.S. Dist. LEXIS 1991 (DVI, Division of St. Croix, February 18, 1998). The choice not to attack the merits of the case against them at the appropriate stage of the litigation cannot be rewarded now by shifting fees and costs. And it does not serve as the basis for any prejudice warranting an award of fees and costs based on voluntary dismissal.

### B. The Defendants cannot show that the factors considered in alleging prejudice to them by a dismissal without prejudice apply to them in this case.

A discussion of the 7th Circuit's *Pace* factors in making the equitable determination of whether a defendant will be legally prejudiced by a dismissal by a plaintiff are discussed at length in *Pontenberg v. Boston Sci. Corp.,* 252 F.3d 1253, 1255 (11th Cir. 2001), citing *Pace v. Southern Express Co.,* 409 F.2d 331 (7th Cir. 1969): (1) any excessive and duplicative expense of a second litigation; (2) the effort and expense incurred by a defendant in preparing for trial; (3) the extent to which the pending litigation has progressed; (4) and the claimant's diligence in moving to dismiss.

There is unequivocally no basis for or belief that Plaintiff has instituted or will institute subsequent litigation. Lack of coverage based on the intentional acts of sexual

abuse of minor children by Defendants' employee was the justification for dismissal provided to counsel and to the Court. That fact will not change even if there were subsequent litigation. And there simply is no threat of it. Plaintiffs made clear to counsel that they had no interest in personally bankrupting his client, Defendant Ashley Hughes, or her defunct LLC, Defendant Champion Elite Legacy.

Furthermore, Defendants' own threatened litigation is not a proper basis for finding prejudice to them by a dismissal of Plaintiffs' claims against them. As discussed above, the subsequent litigation counsel threatened as a basis for his demand for a cash payment to Defendant Ashley Hughes is arguably the basis for his improper attempt to obtain the benefit of prevailing party status. Indeed, it seems the primary focus of the discovery requests pushed out by Defendants once they realized Plaintiffs would dismiss their case if there was no coverage, and they appear to seek a basis for arguing the Complaint was meritless. Defendants cannot neglect to file motions to dismiss and then use this Court's power to assist them with prevailing on separate claims against Plaintiffs, particularly those which were not made counterclaims in their Answers to this suit.

As to the effort and expense incurred by Defendants in preparation for trial, there has been virtually no trial preparation. There is no imminent dismissal Plaintiffs are trying to evade. Defendants pushed out a burdensome and harassing barrage of unreasonably cumulative and duplicative discovery requests. And the primary aim of those requests was to attack the pleadings. But discovery has barely just begun in these cases. Defendants have not had to answer any discovery. No depositions have been

taken. These Defendants engaged in no motion practice before this Court, and there is no summary judgment motion pending.

Defendants cite the fourth factor of delay in support of their petition for fees. However, the 11th Circuit has been clear that even where there is delay, and even where there is delay <u>and</u> a pending summary judgment motion, in the absence of bad faith, a dismissal without prejudice will not automatically support a finding of prejudice. See, *Pontenberg* at 1258-1259.

## II. If there is any possible prejudice to Defendants, it can be equitably alleviated by deferring fees and costs to be paid only if Plaintiff were to file a subsequent action.

Where the "practical prejudice" of expenses incurred in defending an action can be "alleviated by the imposition of costs or other conditions," the district court does not abuse its "broad equitable discretion" by dismissing the action without prejudice. *McCants*, 781 F.2d at 859. And where a district court has attached to the dismissal the condition that, should a plaintiff refile the action, the court can award costs to the defendant, then any prejudice is adequately addressed. *Pontenberg* at 1260; See also, *Emergency Recovery, Inc. v. Hufnagle*, 77 F.4th 1317, 1329-1330 (11th Cir. 2023), citing *Versa Products v. Home Depot USA,* 387 F.3d 1325, 1328 (11th Cir. 2004).

## III. If fees are to be paid to Defendants, Plaintiff objects to certain aspects of the fee petition and the amounts should be reduced.

The overarching issue as to the amount of fees sought is an inspection of whether "billing judgment" has been properly exercised. See, *Norman v. Housing*

*Authority of Montgomery,* 836 F.2d 1292 (11th Cir. 1988), citing *Hensley v. Eckerhart,* 461 U.S. at 434, 103 S. Ct. at 1939-40 (1983). "Excessive, redundant, or otherwise unnecessary" hours should be excluded from the amount claimed. *Norman,* 1301-1302.

The first 78 hours of time billed on this case prior to settlement with the other defendants should be disallowed. Motions to dismiss were pending by all defendants in the litigation except for these Defendants. Counsel was in a holding pattern until a ruling was made on the motions of the others. These 78 hours have been billed solely for counsel reading the filings of the other parties, including a great deal of minutiae which did not concern his defense of client's cases. The amount of $33,192.50 in fees is excessive for this unnecessary role under the circumstances.

Case law further makes clear that fees and costs awarded should be limited to those incurred in discovering information and researching legal arguments that will <u>not</u> be useful in a later suit. See, *McCants* at 860*;* See also, *Parrish v. Ford Motor Co.*, 299 Fed. Appx. 856, 861, citing 24 Am. Jur. 2d Dismissal § 53 ("An award of attorney's fees and other costs made as a condition to a voluntary dismissal should be limited to those expenses that will not benefit the defendant in subsequent, continuing, or pending litigation **or otherwise provide a windfall to the defendant.**") (emphasis added).

Because counsel for Defendants has alerted Plaintiffs to his plans for subsequent litigation against Plaintiffs and their counsel, his seeking of fees tied to the voluntary dismissal of this action based on lack of coverage is misplaced under *McCants* and *Parrish*. The requests to admit propounded consisted almost entirely of requests for

Plaintiffs to admit or deny factual allegations of the complaint, but only as to the elements of the claims under the Racketeering Influenced and Corrupt Organizations (RICO) Act and the Protecting Young Victims from Sexual Abuse and Safe Sport Authorization Act. This indicates their purpose was for use in this threatened subsequent litigation. Essentially, Defendants used this discovery not to defend against this case, but to obtain the benefit of the equivalent of a final determination on the merits of those claims without having filed the requisite motions to dismiss. Therefore, all billing for those fees and costs should be eliminated from the petition.

Some of counsel's time entries were for him to amend and correct some discovery requests that had errors. Costs and fees for the initial sets, which counsel never withdrew before serving amended sets and thus required Plaintiffs to answer, should be omitted from the petition.

Many of counsel's time entries were for administrative tasks that do not require any legal expertise. For instance, counsel has billed $425/hour to perform the work of a legal assistant for tasks like effecting service and mailing of discovery requests. The hourly rate should be greatly reduced for such tasks, whether or not an attorney has attested to performing them.

### IV.    If fees are to be paid to Defendants based on counsel's claim of contractual obligation, discovery should be had on that basis.

Counsel for Defendants has argued the fees and costs should be shifted to Plaintiffs because his clients are contractually obligated to pay him fees and costs. This is nonsense. However, it begs for discovery. Counsel conspicuously did not make the

contract he invokes an exhibit to his fee petition. While Plaintiffs take issue with counsel declaring on behalf of himself that his hourly rate is reasonable, they will not specifically challenge the reasonability of it, as that is for the Court to interpolate.[4] They do, however, challenge it to the extent that the contract he craves reference to in his motion contemplated a different hourly rate.

Plaintiffs likewise believe the Court, in order to make an equitable ruling on fee shifting, can and should inquire into proof of payment of a retainer. This inquiry also requires proof of billing and payments made to date against that retainer, and who made those payments. Finally, the Court should inquire into any other arrangements made between counsel and his client for compensation to him in exchange for representation after the insurer initially declined to pay the costs of defense. To the extent any portion of counsel's representation was essentially gratuitous, or was contingent, those terms should be known by the Court before an equitable determination can be made on payment of fees and costs.

That brings us to a final point, namely that we are not privy to any subsequent communications between counsel and the insurer since the time of their declination letter to Defendants about the duty to defend and the payment of costs and fees in February of 2023. Whether there was a subsequent agreement to provide the costs of defense is highly relevant to this fee petition. And, also at issue is whether counsel is or will be retained by the Defendants to institute bad faith litigation against the insurer

---

[4] See, *Norman v. Housing Authority of Montgomery,* 836 F.2d 1292 (11th Cir. 1988).

on their behalf.

## CONCLUSION

Plaintiffs respectfully request an Order of this Court denying in its entirety the motion for fees and costs on behalf of Defendant Ashley Hughes and Defendant Champion Elite. In the alternative, Plaintiffs respectfully request that this Court enter an Order conditioning the dismissal without prejudice on a deferred payment of costs and fees should Plaintiffs refile subsequent claims against these Defendants. Finally, should the Court be inclined to consider the issues of what fees Defendants' counsel is entitled to, Plaintiffs respectfully request an opportunity to be heard in oral argument on that matter and their objections, and to carry out discovery and an evidentiary hearing on the basis of the fees sought in the motion.

## LOCAL RULE 3.01(g) CERTIFICATION

Counsel for Plaintiffs hereby certify, pursuant to Local Rule 3.01(g), they have conferred with Defendants' counsel regarding the concurrent cross-motions for oral argument and discovery by notifying him via email on November and discussing via phone conference on November 22, 2024, and Defendants' counsel has not agreed with the relief sought in those Motions.

**OSBORNE & FRANCIS**

*s/ J. Robert Bell, III*
J. Robert Bell, III (FL Bar 115918)
Gregorio Francis (FL Bar No 008478)
Joseph A. Osborne (FL Bar No 880043)
925 S Federal Highway, Suite 175
Boca Raton, FL  33432

Phone: (561) 293-2600
Email:      rbell@realtoughlawyers.com
                gfrancis@realtoughlawyers.com
                josborne@realtoughlawyers.com

*Attorneys for Plaintiff*

**STROM LAW FIRM, LLC**

*s/ Bakari T. Sellers*
Bakari T. Sellers (SC Fed. ID No. 11099)
Alexandra Benevento (SC Fed. ID No. 10734)
6923 N. Trenholm Road, Suite 200
Columbia, South Carolina 29206
Phone: (803) 252-4800
Email:      bsellers@stromlaw.com
                abenevento@stromlaw.com

*Attorneys for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 22, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all parties of record.

*s/ J. Robert Bell, III*
J. Robert Bell, III (FL Bar 115918)

15